IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUDOLPH SERRANO,

            Plaintiff,

vs.                                                                   CIVIL NO.  09-1143 GBW/LFG

MARTIN CHAVEZ and
LOUI SANCHES,

            Defendants.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

THIS MATTER is before the Court on an Order of reference [Doc. 5].

Plaintiff Rudolph Serrano ("Serrano") seeks the Court's order authorizing him to proceed with this litigation without the payment of costs or fees.  The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive filing fees and various court costs.  The intent of the *in forma pauperis* statute is to facilitate access to the courts and to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible . . . to pay or secure the costs [of litigation]."  <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 342 (1948).

Serrano's Motion to Proceed In Forma Pauperis is deficient.  It is not an affidavit at all, but, rather, a motion.  It is not signed under penalty of perjury, nor is the signature attested to by a notary public. [No ¶ ]:  While these deficiencies would justify denial of the Motion, the undersigned

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed, no appellate review will be allowed.

Magistrate Judge recommends that the Court exercise its broad discretion with respect to *in forma pauperis* requests, *see* Lister v. Dep't of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005), and grant the request.  If Serrano had made his allegations of poverty under oath, as required, they would have been sufficient to permit him to proceed *in forma pauperis*, and the subsequent Section 1915 analysis would result in the action's dismissal in any event.

While this Court has the option of halting the proceedings while proper forms and instructions are sent to the Plaintiff,[2] such a procedure would only serve to delay the recommendation that the case be dismissed since, as noted above, a *sua sponte* evaluation of Serrano's Complaint as authorized under Section 1915 would compel the Court to dismiss the Complaint for failure to state a cause of action.

Serrano brings a civil rights claim against Mayor Martin Chavez and Loui [sic] Sanches.  His Complaint is filed pursuant to 42 U.S.C. § 1983.  That statute authorizes relief when a party's federally protected rights have been violated by state or local officials or by other persons acting under color of state law.  A person who asserts a claim under § 1983 must satisfy two elements:  (1)

---

[2]In Lister, the Tenth Circuit implies that a district court may want to provide some instruction to litigants on "how to establish indigent status" before denying leave to proceed without prepayment of fees, although there is no requirement that district courts do so.  The Tenth Circuit noted that the district court:

> quickly entered an order requiring Lister to cure the deficiencies in her filing; the order informed Lister that she had to complete a notarized "Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit" and that she also had to fill out Marshal forms and provide additional copies of her complaint for service of process. R., Doc. 4 at 1-2; see § 1915(d) (providing for service of process by court). Lister was also informed in the order that free forms for the motion, affidavit, and Marshal were available from the clerk's office.

Id., at 1311.  The court then held that "the district court did not abuse its discretion in denying IFP status after Lister, *having been specifically instructed on how to establish indigent status*, failed to fill out the proper forms or to otherwise provide the district court with the requisite information." Id., at 1313 (emphasis added).

"the plaintiff must allege that some person has deprived him of a federal right," and (2) "he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); West v. Atkins, 487 U.S. 42, 48 (1988).

The gravamen of Serrano's claim is that he went to the Albuquerque City Hall to interview [the] "new elected Mayor Richard Berry chief of press." He took the elevator to the seventh floor, went into the chambers and conversed with "Jim" about issues "that are of my concern as a business man, and citizen of this town." He contends that a few seconds later, Officer Loui [sic] confronted him and requested him to leave and to stop bothering, "This [sic] people are busy [and] you have to go."   [Doc. 1, Complaint at ¶ (B)(1)].

When asked in the form complaint to explain what constitutional right, privilege or immunity was violated, he contends that "Redistricting act in order to achieve a racial outcome." He explained, "The Fact that a Full operation took place just to get me out, because of my race, or political preference son of a mexican [sic] in their italics." He concludes that Officer Sanches' "act of interrupt [of] a conversation" demonstrated that Sanches "acted like I was a criminal," instead of "a regular in the building."

Serrano's Complaint is deficient for numerous reasons. First, while he names Mayor Martin Chavez as a defendant, nothing in the body of the Complaint indicates that the Mayor did anything to violate his constitutional rights or demonstrate that Chavez had any personal involvement in the incident. Personal involvement is required in § 1983 litigation; *respondeat superior* does not serve as a basis for liability. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Grimsley v. McKay, 93 F.3d 676 (10th Cir. 1996). Moreover, the Supreme Court's recent decision in Ashcroft v. Iqbal, __ U.S. __ 129 S. Ct. 1937 (2009), makes clear that *respondeat superior* claims are not actionable

in either Bivens[3] litigation or in Section 1983 litigation. And while there may be municipal liability for an unconstitutional municipal policy as in Monell, *supra*, and Seamons v. Snow, 206 F.3d 1021, 1029 (10th Cir. 2000), no such allegations appear in Serrano's Complaint. Furthermore, Serrano's claims against Sanches simply do not state a cause of action.

Second, nothing in the Complaint against Loui [sic] Sanchez rises to the level of a constitutional tort. Serrano contends, at most, that his conversation with Jim was interrupted, and that he was requested to leave the building and to stop bothering. There are no claims of assault, battery, false arrest, detention or improper seizure in violation of the Fourth Amendment or any other conduct which could be liberally construed as a constitutional violation.

In the wake of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and the more recent Ashcroft v. Iqbal, *supra*, courts must carefully scrutinize a party's complaint to determine if an actionable claim is asserted. In Twombly, the Court noted that the pleading standard of Fed. R. Civ. P. 8 does not require "detailed factual allegations," Id. at 555, but the Rule demands more than an unadorned "defendant-unlawfully-harmed-me" account. Ashcroft v. Iqbal, 129 s. Ct. at 1949.

The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ." These, the Court stated, "will not do." Twombly, at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.

The more significant pleading standard announced in Twombly was further refined in Ashcroft v. Iqbal. There, the Supreme Court noted:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has

---

[3]Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)

>   facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 129 S. Ct. at 1949 (internal citations omitted).

In this case, a *sua sponte* review of the Complaint leads the Court to conclude that while Serrano asserts "labels and conclusions" relating to civil rights violations, his Complaint does not contain the requisite facial plausibility of factual content required by the nation's high court. He alleges that Sanches interrupted his conversation for race-based reasons and "acted like I was a criminal." This allegation does not rise to the level of a constitutional violation. The retaliation claim [Doc. 1, at ¶ (C)(1)] is based on Serrano's litigation against Chavez, not Sanches, and as noted above, there is no allegation of personal involvement by Chavez in having Serrano removed from the building. Thus, the undersigned recommends dismissal of Serrano's Complaint without prejudice for failing to meet the pleading standards under the law.

## **Recommended Disposition**

That Serrano's request to proceed *in forma pauperis* be granted and that the action be dismissed without prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge